No. 04-98-00883-CV

IN THE MATTER OF R.M.

From the 73rd Judicial District Court, Bexar County, Texas 

Trial Court No. 97-JUV-03591

Honorable Andy Mireles, Judge Presiding(1)

Opinion by: Karen Angelini, Justice

Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice 

Delivered and Filed: September 30, 1999

AFFIRMED

Nature of the case

 The jury found that R.M. engaged in the delinquent conduct of possession of cocaine in an
amount more than one gram but less than four grams. Following a disposition hearing, the court
committed R.M. to the Texas Youth Commission. In his sole issue on appeal, R.M. appeals the
denial of his motion to suppress physical evidence. R.M. urges that the police officers who detained
him did not have reasonable suspicion that he was involved in criminal activity. We affirm.

Factual background

 Officer Williamson testified that he was patrolling the streets at approximately 4:45 a.m.
when he observed a male, who appeared to be a juvenile, standing near a vehicle in front of
Diversions Game Room. Officer Williamson approached the male to determine whether he was in
violation of the juvenile curfew ordinance, but the male went inside the game room. Officer
Williamson then entered the game room where he saw the male standing with a group of other young
males. Because the males appeared to be young, Officer Williamson asked them for identification.
Three of the males, including Evans, produced identification that showed they were eighteen and
nineteen but the other two males produced no identification. Officer Williamson also noticed a
strong odor of marihuana emanating from the group. 

 Officer Williamson asked Evans, the male he had first seen, to accompany him outside.
Officer Williamson questioned Evans about the ages of the males who had not produced
identification. While Officer Williamson talked with Evans, the other males began coming out of
the game room. At this time, Officer Williamson called for additional officers. Officers Phelan and
Hernandez responded to the call and lined the four males against the wall and told them to kneel.
Officer Williamson continued interviewing Evans near the vehicle he had seen Evans standing near
when he first approached Diversions Game Room. Officer Williamson noticed a strong smell of
marihuana coming from the vehicle. The windows of the vehicle were open and Officer Williamson
saw a large amount of a green leafy substance on the floor and a shotgun shell in the backseat. Officer Williamson then approached the males to perform a pat down of the outside of their
pockets for narcotics and wallets that might contain identification. While Officer Williamson was
patting down one of the males, R.M. began running toward the street. The manager of Diversions
Game Room had been outside watching the investigation and attempted to stop R.M., but only
managed to pull off R.M.'s jacket. The officers began chasing R.M. and yelling at him to stop.
After a few blocks, R.M. was apprehended and taken to the police station. R.M.'s jacket was
recovered from the manager of Diversions Game room. Officer Williamson found a baggy of
cocaine in the outside breast pocket of the jacket. 

Motion to suppress

 In his sole issue on appeal, R.M. contends that the court erred in denying his motion to
suppress because the officers did not have reasonable suspicion that he was involved in criminal
activity. R.M. furthers contends that the encounter turned into an illegal arrest. On a motion to
suppress evidence, we afford almost total deference to the trial court's determination of historical
facts. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). However, when the underlying
facts are undisputed, the court's determination of the law and the application of the law to the facts
are reviewed de novo. Guzman, 955 S.W.2d at 89; see also Ornelas v. United States, 517 U.S. 690,
116 S.Ct. 1657, 1662-63 (1996) (finding de novo review of trial court's determination of reasonable
suspicion). 

 "The reasonableness of a temporary detention must be examined in terms of the totality of
the circumstances and will be justified when the detaining officer has specific articulable facts,
which taken together with rational inferences from those facts, lead him to conclude that the person
detained actually is, has been, or soon will be engaged in criminal activity." Woods v. State, 956
S.W.2d 33, 38 (Tex. Crim. App. 1997). In this case, Officer Williamson testified that he approached
the males because they looked young and it was after the midnight curfew for juveniles. After
approaching the males, Officer Williamson testified that he noticed a strong smell of marihuana
coming from the group. Although some of the males produced identification showing that they were
not juveniles, R.M. and another male failed to produce any identification. Because R.M. and the
other male appeared to be young, the officer was justified in investigating whether they were
violating the curfew. Further, the strong smell of marihuana also justified a further investigation.


 Based on the totality of the circumstances, Officer Williamson had a reasonable suspicion
that R.M. was a curfew violator and the males had been using marihuana. R.M. also urges that the
temporary detention escalated into an illegal arrest because the officer did not question R.M. See
Burkes v. State, 830 S.W.2d 922, 925 (Tex. Crim. App. 1991) (finding that detention cannot be
considered investigatory when no investigation occurs). Under these facts, we find that Officer
Williamson was conducting an investigation into curfew violations and marihuana possession but
R.M. ran away before Officer Williamson could question him. Thus, the investigatory detention was
not transformed into an illegal arrest. Accordingly, we find that the court did not err in denying
R.M.'s motion to suppress. We overrule his sole issue.

 We affirm the judgment. 

 Karen Angelini, Justice

DO NOT PUBLISH

1. The Honorable Frank Montalvo presided at the motion to suppress hearing.